IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERTO JASON PINA, | § | |
| Movant, | § | |
| | § | 3:16-cv-1931-D |
| v. | § | 3:15-cr-281-D (01) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**I. Background**

Roberto Jason Pina pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See United States v. Pina*, 3:15-cr-0281-D (1) (N.D. Tex.), Dkt. No. 31. The Court sentenced him to 96 months in prison with three years of supervised release. *See United States v. Pina*, 3:15-cr-0281-D (1) (N.D. Tex.), Dkt. No. 31. Pina did not appeal.

He later filed this 28 U.S.C. § 2255 motion. *See* Dkt. No. 3. He argues that he is entitled to resentencing in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* Dkt. No. 3 at 7 (claiming that he was "[u]nlawfully enhanced and sentenced according to new *Johnson* ruling.").

**II. Discussion**

Pina's reliance on *Johnson* is misplaced. *Johnson* held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act," 18 U.S.C. § 924(e)(2)(B)(ii) – which clause defines a "violent felony" as one "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. But *Johnson* has no application here. Pina was not sentenced under any criminal statute – like the Armed Career Criminal Act – that increased his penalty for a prior violent felony or crime of violence. *Cf. Johnson*, 135 S. Ct. at 2563. And, contrary to his assertion, Pina's sentence was not "enhanced" on account of any such prior crime or crime. *Cf.* U.S.S.G. § 4B1.1 (enhancing a career-offender's sentence if has two prior felony convictions of either a crime of violence or a controlled substance offense); *but see Beckles v. United States*, 137 S. Ct. 889, 892 (2017) (holding that the advisory United States Sentencing Guidelines are not subject to *Johnson* challenges). Moreover, to the extent that Pina otherwise seeks to extend *Johnson* to challenge the Court's application of the United States Sentencing Guidelines, his claim is foreclosed by *Beckles*. *See, e.g.*, *United States v. Martinez*, 682 F. App'x 304, 304 (5th Cir. 2017) (*Beckles* "squarely held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause."). Thus there is no merit to Pina's claim that he is entitled to resentencing in light of *Johnson*.

### III.  Recommendation

For the foregoing reasons, Pina's Section 2255 motion should be dismissed as meritless.

Signed this 7th day of November, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).